A. CRAIG CLELAND, *Pro Hac Vice (forthcoming)*
craig.cleland@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone:  404.881.1300
Facsimile:   404.870.1732

ALEXANDER M. CHEMERS, CA Bar No. 263726
alexander.chemers@ogletree.com
LACEY RAINWATER, CA Bar No. 294710
lacey.rainwater@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:  213.239.9800
Facsimile:   213.239.9045

Attorneys for Defendant
ABM INDUSTRY GROUPS, LLC
erroneously named herein as
"ABM INDUSTRIES GROUP, LLC"

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HORACE CRAWFORD, individually and as a representative of the Classes,<br><br>Plaintiff,<br><br>v.<br><br>ABM Industries Group, LLC,<br><br>Defendant. | Case No.  2:17-CV-3277<br><br>**DEFENDANT ABM INDUSTRY GROUPS, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**<br><br>Complaint Filed: March 10, 2017<br>Trial Date:         None |

Case No. 2:17-CV-3277

DEFENDANT'S NOTICE OF REMOVAL

29647682_2.docx

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND PLAINTIFF'S COUNSEL OF RECORD:

PLEASE TAKE NOTICE that defendant ABM Industry Groups, LLC ("ABM"), erroneously named as "ABM Industries Group, LLC," hereby removes this action from the Superior Court of the State of California for the County of Los Angeles ("State Court") to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

## I.   STATEMENT OF THE CASE

1. On March 10, 2017, plaintiff Horace Crawford ("Plaintiff") filed an unverified class action Complaint in the State Court, commencing this action entitled *Horace Crawford, et al. v. ABM Industries Group, LLC*, Case No. BC653124.  The Complaint asserts claims for Failure to Provide a Stand-Alone Disclosure in Violation of 15 U.S.C. § 1681b(b)(2) and Failure to Provide a Pre-Adverse Action Notice in Violation of 15 U.S.C. § 1681b(b)(3).  On March 31, 2017, Plaintiff delivered a copy of the Summons and Complaint via Express Mail to ABM's agent for service of process.  (Declaration of Lenore Espinosa Casey ("Casey Decl.") ¶ 2.) A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2. Along with the Summons and Complaint, Plaintiff mailed the Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Initial Status Conference Order, Court Order Regarding Newly Filed Class Action, Notice of Case Assignment, and Voluntary Efficient Litigation Stipulations.  (Casey Decl. ¶ 2.) True and correct copies of the Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Initial Status Conference Order, Court Order Regarding Newly Filed Class Action, Notice of Case Assignment, and Voluntary Efficient Litigation Stipulations are attached hereto as **Exhibit B**.

3. On May 1, 2017, ABM filed an Answer to the Complaint in State Court. A true and correct copy of the Answer is attached hereto as **Exhibit C**.

4. Exhibits A, B, and C constitute the entirety of the process, pleadings, and orders served upon ABM in this action.  *See* 28 U.S.C. § 1446(a).

## II.   TIMELINESS OF REMOVAL

5. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because it is within 30 days of ABM's receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  On March 31, 2017, Plaintiff delivered a copy of the Summons and Complaint via Express Mail to ABM's agent for service of process.  (Casey Decl. ¶ 2.)  While ABM disputes that service via Express Mail was proper, in an abundance of caution it is filing this Notice of Removal within the 30-day period[1] from receipt of the Summons and Complaint.  Therefore, removal is timely.

## III.   GROUNDS FOR REMOVAL

6. "The district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331.  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. This action arises under the laws of the United States because Plaintiff's claims are brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").  This Court has original jurisdiction over all claims which are brought under the FCRA, and thus removal of this action is proper.  *See, e.g.*, *Smith v. Quality Loan Serv. Corp.*, No. Civ S–11–2108 KJM–EFB, 2012 WL 202055, at *6 (E.D. Cal. Jan. 23, 2012) (finding that removal based on FCRA was proper).

//

//

---

[1] Because the last day of the 30-day period was Sunday, April 30, 2017, the 30-day period continued to run until Monday, May 1, 2017.  *See* Fed. R. Civ. P. 6(a)(1)(C).

## IV.  CONCLUSION

8. Because this action arises under the laws of the United States and removal is timely, ABM respectfully requests that this Court exercise its removal jurisdiction.

DATED: May 1, 2017

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Alexander M. Chemers
A. Craig Cleland
Alexander M. Chemers
Lacey Rainwater

Attorneys for Defendant
ABM INDUSTRY GROUPS, LLC
erroneously named herein as
"ABM INDUSTRIES GROUP, LLC"